Turkman v. Holder

BIA
Verrillo, IJ
A089 843 491

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand thirteen.

PRESENT:
>       DENNIS JACOBS,
>             *Chief Judge,*
>       RALPH K. WINTER,
>       SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

ISMAIL TURKMAN,
>       *Petitioner,*

>       v.                                    12-722
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Justin Conlon, North Haven, CT.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Daniel E. Goldman,
                       Senior Litigation Counsel; Jonathan

**Robbins, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ismail Turkman, a native and citizen of Turkey, seeks review of a January 26, 2012, order of the BIA, affirming a January 11, 2010, decision of Immigration Judge ("IJ") Philip Verrillo, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ismail Turkman*, No. A089 843 491 (B.I.A. Jan. 26, 2012), *aff'g* No. A089 843 491 (Immig. Ct. Hartford Jan. 11, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Turkman an ethnic Turk, argues that he suffered past persecution in Turkey, and faces future persecution as a result of his forcible recruitment by a Kurdish separatist group. He claims he was targeted and persecuted on account of his membership in several particular social groups. Turkman testified that he did not know why the Kurdish group asked him to join, except expand their size. The IJ concluded that recruitment to augment the group's size does not establish eligibility for asylum. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992); *Rodas Castro v. Holder*, 597 F.3d 93, 104 (2d Cir. 2010).

The IJ's findings are supported by substantial evidence and do not indicate that the IJ mischaracterized or ignored the record evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006); *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).

The BIA expressed "agreement" with the IJ that the particular social groups proposed by Turkman are not legally cognizable for purposes of the asylum statute. That is likely error because the IJ did not make such a finding. However, no remand is required because the BIA recited an "alternative and sufficient basis" for its decision: that

3

Turkman did not establish persecution "on account of" any such membership. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005).

Turkman also argues that he faces persecution by the Turkish government because they will perceive him as a sympathizer or supporter of the Kurdish group that recruited him. However, as the IJ noted Turkman had not been harmed by the Turkish government and had not reported any of his interactions with the Kurdish group to the authorities. *See Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005) (describing imputed political opinion claims). Turkman argues that the Turkish government persecutes suspected Kurdish rebels and sympathizers, he offers nothing but his speculation that the government employed undercover agents and might harm him if they thought he belonged to the Kurdish group who unsuccessfully tried to recruited him. *See Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir. 2006) (speculative claims of future persecution do not establish eligibility for asylum). Accordingly, the agency did not err in denying Turkman's applications for asylum or withholding of removal. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010). Turkman does not challenge the agency's

denial of his application for protection under the CAT.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

5